[No. 12,623.    In Bank. — June 18, 1892.]

# SPRING VALLEY WATER WORKS, RESPONDENT, *v.* MARY DRINKHOUSE, APPELLANT.

EMINENT DOMAIN — POSSESSION PENDING LITIGATION — REVERSAL OF JUDGMENT — CONSTITUTIONAL LAW. — Section 1254 of the Code of Civil Procedure, in regard to proceedings for the condemnation of property for public use, allowing an adequate fund to be paid into court, whereupon the court "may authorize the plaintiff, if already in possession, to continue therein, and if not, then to take possession of and use the property during the pendency of and until the final conclusion of the litigation," etc., is not in conflict with the constitution, but the allowance of the continuance of possession after the reversal of a judgment upon appeal "until the final conclusion of the litigation" is within the power of the legislature.

ID. — RESTITUTION OF POSSESSION — DISCRETION OF APPELLATE COURT — CONSTRUCTION OF CODE. — Section 957 of the Code of Civil Procedure, which provides that the appellate court may make complete restitution of all property and rights lost by an erroneous judgment or order which is reversed or modified, is not mandatory upon the court, and does not give appellant an absolute right to a restitution of possession, but the power conferred thereby is to be exercised in the discretion of the court.

ID. — CONDEMNATION OF LANDS FOR RESERVOIR — NECESSITY OF TAKING FINALLY DETERMINED — REVERSAL ON QUESTION OF VALUE. — In proceedings to condemn lands for a reservoir, which is to be used to supply San Francisco and its inhabitants with water, where it has been finally determined in the action that the use to which the plaintiff

proposes to put the land is authorized by law, and that its taking by the plaintiff is necessary to such use, and a judgment for the plaintiff is reversed for the sole purpose of determining upon a new trial the amount of compensation and damage to be awarded to the defendant, and it appears that plaintiff has been allowed to take possession until the final conclusion of the litigation, under section 1254 of the Code of Civil Procedure, and it is contended that the amount deposited under that section is not adequate to satisfy any judgment that may be recovered at any future trial, there is nothing to demand the exercise of the discretionary power vested in the appellate court to compel restitution of possession upon such reversal.

MOTION in the supreme court for a writ of restitution. The facts are stated in the opinion of the court..

*Ben Morgan,* for Appellant.

*Fox, Kellogg & King,* and *William F. Herrin,* for Respondent.

GAROUTTE, J. — After judgment was entered in the trial court, July 27, 1887, in favor of the plaintiff, for the condemnation of 14.45 acres of defendant's land to public use as part of a reservoir site (compensation and damages to defendant being assessed at $5,103, and $100 costs), and pending defendant's appeal therefrom, the court below, upon due application therefor by plaintiff, entered an order October 8, 1887, under section 1254 of the Code of Civil Procedure, authorizing the plaintiff, upon paying into court $5,000 in addition to the amount of the judgment, to take possession of and use the property condemned "during the pendency of and until the final conclusion of the litigation," and staying all actions and proceedings against the plaintiff on account of such possession and use.

In pursuance of this order, after paying into court the sums above required, plaintiff took possession of the land in controversy, and has since used the same as part of the lower Crystal Springs reservoir site, the lower part of the land being now covered with water thirty feet in depth, there being held in this reservoir above the lowest level of the land in question 3,682,546,000 gallons of water. The water in this reservoir is used to supply San

Francisco and its inhabitants with water, and is necessary to maintain an adequate supply therefor.

Upon defendant's appeal from the judgment, and from an order refusing a new trial, this court, on December 29, 1891 (92 Cal. 535), entered the following order: "Judgment and order reversed, with directions to the court below to retry the issues as to the value of the land sought to be taken, and the damage to the remaining portion of the land not taken; and thereupon to enter judgment in accordance with the prayer of the complaint, and in favor of the defendant for such value and damages, and costs."

It has therefore been finally determined in this action that the use to which plaintiff proposes to put the defendant's land is a use authorized by law, and that its taking by plaintiff is necessary to such use, and all that remains to be determined upon a new trial is the amount of compensation and damages to be awarded to the defendant.

Appellant now petitions this court for a writ of restitution, under section 957 of the Code of Civil Procedure, which section provides that "when the judgment or order is reversed or modified, the appellate court may make complete restitution of all property and rights lost by the erroneous jugdment or order, so far as such restitution is consistent," etc. It is insisted that the reversal of the judgment gives appellant the absolute right to a restitution of the premises, but the wording of the statute will bear no such construction. The section is not mandatory upon the court, but the power conferred thereby is to be exercised when the circumstances of the case call for the use of a judicial discretion.

In a case with conditions similar to the one under investigation, where the judgment has been reversed, and the cause remanded for the sole purpose of determining the amount of compensation to which appellant is entitled, and where it is not contended that the amount deposited with the trial court is not amply sufficient to satisfy any judgment for damages which may be recov-

ered at a future trial of the action in the court below, taken in connection with the additional facts heretofore recited, we see nothing to demand the exercise of that discretionary power vested in the court under section 957 of the Code of Civil Procedure.

This amount of money was deposited with the trial court under the provisions of section 1254 of the Code of Civil Procedure, which allows certain amounts to be paid into court by plaintiff, whereupon the court "may authorize the plaintiff, if already in possession, to continue therein, and if not, then to take possession of and use the property during the pendency of and until the final conclusion of the litigation," etc. The final conclusion of this litigation has not yet been reached, and if said section of the code is not in conflict with the constitution of the state, then this proceeding must fail, for the order of the trial court is still in full force and effect. This section is not violative of any provision of the constitution, but directly in line with that instrument wherein it treats of such matters. Section 14, article I., provides: "Private property shall not be taken or damaged for public use without just compensation having been first made to or paid into court for the owner." It would seen that the framers of both the constitution and the statute had in view the delays incident to condemnation proceedings, and the necessity in many cases of allowing property to be taken and used for a public use during the progress of the litigation, provided an adequate fund to fully reimburse the landowner was first paid into court. This construction of a quite similar provision of the constitution of the state of Missouri was fully adopted in the case of *St. Louis etc. R'y Co.* v. *Evans and Howard Brick Co.*, 85 Mo. 326. It is conceded that respondent's possession of the premises was lawful down to the time of the reversal of the judgment; the authorities are uniform to that extent. Now, the order of the court, made in the language of the statute, gave respondent possession of the premises "during the pendency of and until the final conclusion of the

litigation "; if the legislature had the power by statute to give the possession of the premises to the respondent pending proceedings upon appeal, under certain conditions and limitations, it had the same power to extend respondent's possession "until the final conclusion of the litigation." The latter clause is no more violative of the constitutional provision than the former. These views are fully supported in *Lake Erie etc. R'y Co.* v. *Kinsey*, 87 Ind. 514.

Subsequent to the final submission of this motion to the court, facts have been presented upon affidavit, pertaining to matters which have arisen since the date of such submission; these matters are foreign to the merits of the motion under consideration, and cannot be considered upon this application.

Let the application for the writ be denied.

MCFARLAND, J., DE HAVEN, J., HARRISON, J., PATERSON, J., and SHARPSTEIN, J., concurred.