[Civ. No. 10349.   First Appellate District, Division Two.—January 25, 1938.]

THE PEOPLE, Respondent, v. MILDRED LIVINGSTON GOODSELL, Appellant.

Long & Levit for Appellant.

U. S. Webb, Attorney-General, and Heller, Ehrman, White & McAuliffe for Respondent.

NOURSE, P. J.—Plaintiff sued in eminent domain and took possession of the property on August 10, 1934, under an order of court made therefor in accordance with the provisions of section 1254 of the Code of Civil Procedure. Trial by jury on the question of damages was commenced on the 24th of October, 1935, and concluded on the 27th of November, 1935. For the purpose of fixing damages the jury was instructed to determine the market value of the property as of the date of the trial, and that it should not include interest therein. A verdict was duly returned in the sum of $42,500, and findings of fact and conclusions of law were thereafter made and entered by the trial judge. Upon the presentation of the proposed findings and conclusions of law, the parties stipulated in open court that no claim of interest on the award would be made for the period prior to the 10th day of August, 1934, but the defendant then contended that she was entitled to interest at the legal rate on the amount of the award from and after that date, this being the date upon which the plaintiff entered into possession under the order of the court. The trial court at that time ruled that the defendant was not entitled to interest upon the amount of the award from any period prior to the entry of judgment, and thereupon signed the findings and filed its preliminary order and judgment of condemnation. Thereafter the plaintiff moved for a new trial, and, after argument thereon, an order was made that a new trial would be granted on the grounds of the insufficiency of evidence to justify the verdict and that the damages were excessive unless the defendant would consent to a reduction of the judgment to the sum of $34,242, in which event the said motion for a new trial would be denied. The defendant filed a written consent to the reduction of the preliminary order and judgment from the sum of $42,500 to the sum of $34,242. Thereupon the trial court entered its order amending the preliminary judgment by changing its figures indicating the amount of the award but at the same time stipulated that all the remaining provisions of said judgment should be deemed to be in full force. After the entry of this order the plaintiff paid to the clerk of the court the aggregate sum of $35,000 as

security for the payment of compensation to the defendant. This order was followed by another directing the clerk of the court to issue its warrant in the amount of $34,742.26, the amount of the award as amended with interest from the date of the judgment, and this sum was paid to defendant and received and accepted by her from the clerk of the court. Thereupon the defendant gave notice of appeal from that part of the judgment which failed to order the payment of interest to her from and after the date upon which plaintiff took possession of the property.

Appellant's brief is devoted to an argument to the point that under the due process of law provisions of the Constitution she could not be deprived of her right to possession of her property without due compensation, and that such compensation required payment of interest on the amount of the award from the date of the transfer of possession. The appellant makes a plausible and able argument in support of her position, but we refrain from expressing any view as to its merit because any such expression would be *obiter dicta* in view of what follows.

█ The respondent contends that the judgment must be affirmed because it was entered only upon the express consent of the appellant. It is unnecessary to restate the facts leading up to the entry of the final judgment. Reference thereto discloses that the matter of interest from the date of entry into possession of the premises was expressly withdrawn from the consideration of the jury, and that at the time of the settlement of the findings of fact the trial court expressly stated that no interest would be allowed on the amount of the verdict prior to the entry of the judgment. When thereafter the court directed that a new trial should be granted unless the defendant should consent to a reduction of the judgment, it must have been in the minds of all parties that that judgment likewise would not include any item of interest. If interest were allowable from the date of possession, it would have been an integral part of the judgment entered after the order denying a new trial. But the trial court made it plain at the time that no interest was to be included; that the sum of $34,242 was to be the full amount of the judgment. There is here no question of surprise or misunderstanding on the part of anyone concerned. When, therefore, the defendant consented to accept a judg-

ment in that specific sum, she must be deemed to have waived her claim for interest. (*Conlin* v. *Southern Pac. R. Co.,* 40 Cal. App. 743, 747 [182 Pac. 71].) ■ It is an accepted rule that when a party consents to and acquiesces in a judgment as entered, and thereafter accepts and retains the fruits of the judgment, which would not have been entered but for his acquiescence, he may not attack that judgment on appeal. Section 1254 of the Code of Civil Procedure qualifies this statement to the extent that acceptance of the award in condemnation proceedings is not a waiver of a claim for greater compensation, but this does not affect the rule or the principle when the judgment as a whole is entered by consent.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 25, 1938. Houser, J., voted for a hearing.