[S. F. No. 20592. In Bank. May 22, 1961.]

THE PEOPLE ex rel. DEPARTMENT OF PUBLIC
WORKS, Respondent, v. SAM NEIDER, Appellant.

George M. Naus and Harold B. Lerner for Appellant.

Holloway Jones, Jack M. Howard, Roger Anderson, Robert S. Webber and Robert E. Reed for Respondent.

WHITE, J.—The plaintiff Department of Public Works moves to dismiss the appeal of defendant Sam Neider from a judgment in eminent domain proceedings.

Sam Neider, hereinafter referred to as the defendant, owned land in Marin County fronting some 2,000 feet on the easterly side of United States Highway 101 in the vicinity of Richardson Bay. The highway had been built by filling marsh lands to an elevation of several feet, with culverts through the highway fill for drainage in a westerly direction. Defendant's lands were also marshy and had been filled by him. A ditch on defendant's lands running parallel to the highway, was formed where the defendant failed to bring his fill to the highway fill. Water flowed through this ditch to the culverts.

In 1955 the state determined to widen the highway, and on March 10, 1955, commenced an action seeking, among other things the condemnation of the fee of a portion of the defendant's lands for the highway proper, and a temporary drainage easement to consist of a new ditch on a portion of defendant's lands parallel to the original ditch which was intended to be filled and made a part of the highway proper. The plaintiff was put in possession at the inception of the

action and a judgment was later entered in April 1956, making awards for all interests sought by the plaintiff. The drainage easement was adjudged to be temporary, terminating on June 30, 1957, and the award was limited to such a taking. It was ordered that after that date the defendant would be restored to a fee interest in the lands on which the new ditch existed. Thereafter the judgment as to the temporary easement became final, although a new trial was ordered as to the lands condemned for the highway proper.

Prior to the termination of the temporary easement the plaintiff apparently determined that it needed to keep the new ditch open permanently in order to protect the highway from subsurface water, and on April 22, 1957, commenced condemnation proceedings seeking a permanent easement for drainage through the new ditch. This matter was consolidated for trial with the matter then pending for retrial, insofar as defendant was affected. A single judgment was filed on September 2, 1957, making separate awards for the taking of the fee for the highway proper and the permanent easement for drainage purposes. On September 22 plaintiff paid into court an amount equal to the aggregate sum of all awards, plus accrued interest due the defendant. (See Code Civ. Proc., § 1254.) This deposit was transferred to the county treasurer. (See Code Civ. Proc., §§ 573, 1254.) On September 23, 1957, the court made an order on application by defendant that the auditor of the county draw a warrant upon the fund, payable to the defendant. A warrant for the full amount due the defendant was drawn and on September 29 presented to and paid by the county treasurer. On October 27, the defendant filed a receipt for the sum drawn down by him in which he stated that he "abandons all defenses . . . except as to the amount of damages he may be entitled to in the event that a new trial shall be granted" limited to the permanent easement for drainage purposes. (See Code Civ. Proc., § 1254.) Thereafter he took the instant appeal from that portion of the judgment determining and awarding damages for the permanent easement.

■■■ The plaintiff's motion for dismissal is based on the general rule that ordinarily a party cannot accept the benefits of a judgment in a court below and at the same time maintain an appeal from that judgment. (*Schubert* v. *Reich,* 36 Cal.2d 298, 299 [223 P.2d 242].) The rule has been given effect in eminent domain actions, where otherwise applicable. (*People* ex rel. *Dept. of Public Works* v. *Loop,* 161 Cal.App.

2d 466 [326 P.2d 902]; cf. *People* v. *Goodsell*, 24 Cal.App.2d 538 [75 P.2d 545].) It seems clear that if the decision in the instant case rests upon the foregoing rule alone, the motion for dismissal must be granted. The defendant contends, however, that he drew down the funds deposited in court by the plaintiff pursuant to section 1254 of the Code of Civil Procedure, and that provision is made therein for preservation of the limited appeal upon compliance with that section. The plaintiff contends that the provisions of the section were not complied with and that the defendant is not entitled to rely thereon.

Whether the defendant has complied with section 1254 will depend upon our interpretation of the statute. (Code Civ. Proc., pt. 3, tit. 7 [Eminent Domain].) It provides in those portions pertinent to the instant determination:

"At any time after trial and judgment entered or pending an appeal from the judgment to the Supreme Court, whenever the plaintiff shall have paid into court, for the defendant, the full amount of the judgment, . . . the superior court in which the proceeding was tried may, upon notice of not less than ten days, authorize the plaintiff, if already in possession, to continue therein, and if not, then to take possession of and use the property during the pendency of and until the final conclusion of the litigation. . . . The defendant, who is entitled to the money paid into court for him upon any judgment, shall be entitled to demand and receive the same at any time thereafter upon obtaining an order therefor from the court. It shall be the duty of the court, or a judge thereof, upon application being made by such defendant, to order and direct that the money so paid into court for him be delivered to him upon his filing a satisfaction of the judgment, or upon his filing a receipt therefor, and an abandonment of all defenses to the action or proceeding, except as to the amount of damages that he may be entitled to in the event that a new trial shall be granted. A payment to a defendant, as aforesaid, shall be held to be an abandonment by such defendant of all defenses interposed by him, excepting his claim for greater compensation. In ascertaining the amount to be paid into court, the court shall take care that the same be sufficient and adequate. The payment of the money into court, as hereinbefore provided for, shall not discharge the plaintiff from liability to keep the said fund full and without diminution; but such money shall be and

remain, as to all accidents, defalcations, or other contingencies . . ., at the risk of the plaintiff, and shall so remain until the amount of the compensation or damages is finally settled by judicial determination, and until the court awards the money, or such part thereof as shall be determined upon, to the defendant, and until he is authorized or required by rule of court to take it. If, for any reason, the money shall at any time be lost, or otherwise abstracted or withdrawn, through no fault of the defendant, the court shall require the plaintiff to make and keep the sum good at all times until the litigation is finally brought to an end, and until paid over or made payable to the defendant by order of court, as above provided. The court shall order the money to be deposited in the State Treasury. . . . The State Treasurer shall pay out the money deposited by a plaintiff in such manner and at such times as the court or judge thereof may, by order or decree, direct. In all cases where a new trial has been granted upon the application of the defendant, and he has failed upon such trial to obtain greater compensation than was allowed him upon the first trial, the costs of such new trial shall be taxed against him.''

It is conceded that if plaintiff had sought an order for continued possession under section 1254 of the Code of Civil Procedure defendant's appeal could not be subjected to dismissal. But in the instant case the plaintiff lawfully was in possession pursuant to the prior award in condemnation for the temporary easement when the instant proceeding was commenced on April 22, 1957. Although plaintiff's right to possession terminated on June 30, 1957, it nevertheless remained in possession and is now in possession. Plaintiff, in paying into court the amount of the awards, did not seek an order for possession or an order to continue in possession until the final determination of the litigation, as contemplated by section 1254. Plaintiff contends that, accordingly, no proceedings were had pursuant to section 1254; that the statute does not require the state to proceed pursuant to that section but merely permits it to do so where it desires to obtain immediate or continuing possession.

Plaintiff relies particularly on *People* ex rel. *Dept. of Public Works* v. *Loop, supra,* 161 Cal.App.2d 466. In that case, plaintiff, already in legal possession of the condemned land, deposited the amount of the award into court and did not seek an order for continuing possession. Defendant did not withdraw the award. The issue on appeal was the date upon

which interest should begin to run. In these circumstances it was the plaintiff condemner which contended that the deposit had been made pursuant to section 1254, and that interest should cease on the date of the deposit under the section. The court correctly held that 1254 was not applicable because the plaintiff did nothing to invoke it—no order for continuing possession was sought, the defendant was given no notice of a section 1254 deposit, and there was no additional security posted, presumably because the defendant was given no opportunity to call for it if entitled. In the instant case the defendant willingly accepted the amount of the award. He did not seek additional security. He filed a receipt in the language of section 1254, clearly indicating his intention to rely on that section. Unlike the Loop case, *supra,* it cannot be said that the one seeking reliance on the statute has waived it. It is manifest that the Loop case cannot have the efficacy which the plaintiff seeks to accord to it in the instant proceeding.

 The statute is designed for the benefit of both the condemner and condemnee. "It would seem that the framers of both the constitution and the statute had in view the delays incident to condemnation proceedings, and the necessity in many cases of allowing property to be taken and used for a public use during the progress of the litigation, provided an adequate fund to fully reimburse the landowner was first paid into court." (*Spring Valley W. W.* v. *Drinkhouse,* 95 Cal. 220, 223 [30 P. 218]; see also *Heilbron* v. *Superior Court,* 151 Cal. 271 [90 P. 706].) The basic question is whether the foregoing, mutually beneficial purpose of the statute is to be frustrated by the condemner's failure, intentionally or otherwise, to expressly invoke the statute when depositing with the court the amount of an award in condemnation. As stated, the plaintiff sought no order of possession or continuing possession, as such an order would have been superfluous, at least prior to June 30, 1957. The trial court expressly found that after the June 30 date the plaintiff remained in possession, in that its ditch remained upon the land, undisturbed, performing the same function for plaintiff as when plaintiff was lawfully in possession. If plaintiff's construction of section 1254 is to be followed it would be possible for plaintiff to gain all its benefits contemplated in accomplishing the purpose of section 1254, and completely thwart the purposes of the statute insofar as the condemnee

is concerned. In a typical case an order for immediate possession could be obtained upon the filing of a complaint in condemnation. Plaintiff could thereafter deposit the award in court without moving for an order to continue possession. Defendant would then be faced with the very dilemma which it is the purpose of the statute to avoid. He must either accept the award and lose all rights to appeal, even though in accepting he files the receipt preserving his right to seek greater compensation in the event of a new trial, or he must not use the award, in which event he may appeal on all grounds. In such circumstances the plaintiff need not seek an order for continuing possession, as once the public use has attached it cannot and ought not be ousted from possession. (*Hillside Water Co.* v. *City of Los Angeles,* 10 Cal.2d 677, 688 [76 P.2d 681].) This is the identical position in which the defendant in the instant action finds himself. Plaintiff has obtained everything section 1254 can provide, and in such circumstances the defendant alone ought to be and is entitled to make the election to proceed under section 1254. Were this not so the section would become a nullity, insofar as a condemnee's rights thereunder were concerned. It would seem manifest that such a result was not intended by the Legislature.

There is no merit to the contention that defendant failed to comply with section 1254. Merely because defendant did not seek the additional security to which he was entitled does not mean that he cannot obtain his other benefits under the section. It is also contended that defendant did not file his receipt simultaneously with the drawing down of the deposit. Section 1254 requires only that the court order that the money paid into court be delivered to the defendant ''upon his filing a receipt therefor, and an abandonment of all defenses to the action or proceeding, except as to the amount of damages. . . .'' In the instant circumstances it appears that the defendant, while filing his receipt after drawing down the money but within the time for appeal, has substantially complied with the procedural requirements and the plaintiff has in no manner been prejudiced thereby.

In the case now engaging our attention, we are persuaded that the plaintiff cannot legally assert as grounds in support of its motion to dismiss the appeal that the defendant failed to invoke section 1254 of the Code of Civil Procedure in prosecuting an appeal which is limited to the sole issue of the amount of the award.

For the reasons stated the motion to dismiss the appeal herein is denied.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., and Dooling, J., concurred.

McCOMB, J.—I dissent. I would dismiss the appeal for the reasons expressed by Mr. Justice Duniway in the opinion prepared by him for the District Court of Appeal, *People* v. *Lindskog* (Cal.App.), 7 Cal.Rptr. 508.

Respondent's petition for a rehearing was denied June 21, 1961. McComb, J., was of the opinion that the petition should be granted.