[Civ. No. 10083.    Third Dist.    July 12, 1961.]

THE PEOPLE ex rel. the Department of Public Works, Appellant, v. MABREY A. DITTMER et al., Defendants; WILLARD B. SNYDER et al., Respondents.

Holloway Jones, Jack M. Howard, Joseph F. DeMartino, William C. DeMartini and Robert E. Reed for Appellant.

Daniel K. York, Harold C. Brown and James M. Shumway, County Counsel, for Respondents.

SCHOTTKY, J.—The People of the State of California ex rel., the Department of Public Works, have appealed from an order of the Superior Court of Solano County granting Willard B. Snyder and Ellen Snyder a new trial on the issue of damages in an action in eminent domain.

On July 1, 1959, the Department of Public Works commenced an action to condemn for highway purposes certain real property belonging to Willard B. Snyder and Ellen Snyder. On October 19, 1959, the court made an order which was conditioned upon the deposit of a certain sum permitting the department to take possession of the Snyder property. On December 21, 1959, pursuant to the provisions of section 1254.7 of the Code of Civil Procedure, the Snyders were permitted to withdraw $48,284.85 of the amount deposited. The case proceeded to trial and the jury determined the damages to be $73,700. Judgment was entered on March 23, 1960, that upon payment into court of $25,020.78, plus interest, the property involved in this action would be condemned in fee to the use of the state.

The funds were paid into court and the Snyders withdrew the funds on April 4, 1960. The receipt they signed acknowledged that the amount withdrawn represented the balance due them under the judgment. Thereafter the Snyders made a motion for a new trial, apparently on the grounds that the evidence was insufficient to sustain the verdict and that the verdict was against the weight of the evidence. The motion was opposed on the ground that by accepting the amount of the judgment deposited into court the Snyders were estopped to attack the judgment. A new trial was granted

on the issue of damages. The trial court's order discloses that the following events occurred: The day the findings of fact were filed a final order of condemnation and an order for the release of deposit were prepared by the state and procured from the court (this permitted the state to withdraw the excess of the sum which had been deposited for the defendants' benefit); on April 4th the Snyders filed an abandonment of all defenses except the amount of just compensation and asked for and received such funds as then remained on deposit; a new trial was granted on May 27, 1960, and this appeal followed.

Appellant contends that by accepting the fruits of the judgment on April 4, 1960, the Snyders waived their right to seek a new trial for inadequacy of damages and that accordingly the trial court erred in granting a new trial. Appellant's contention is based on the general rule that ordinarily a party cannot accept the benefits of a judgment in a court below and at the same time maintain an appeal from that judgment. (*Schubert* v. *Reich,* 36 Cal.2d 298, 299 [223 P.2d 242].) The rule has been given effect in eminent domain actions where otherwise applicable. (*People* ex rel. *Dept. of Public Works* v. *Loop,* 161 Cal.App.2d 466 [326 P.2d 902]; cf. *People* v. *Goodsell,* 24 Cal.App.2d 538 [75 P.2d 545].) It seems clear that if the decision in the instant case rests upon the foregoing rule alone appellant's contention must be sustained. Respondents contend however that they drew down the funds deposited in court by appellant pursuant to section 1254 of the Code of Civil Procedure and that provision is made therein for preservation of the limited appeal upon compliance with that section. Appellant contends that the provisions of the section were not complied with and that the respondents are not entitled to rely thereon.

It will therefore be necessary to consider the provisions of section 1254 of the Code of Civil Procedure, which so far as pertinent here reads: "At any time after trial and judgment entered or pending an appeal from the judgment to the Supreme Court, whenever the plaintiff shall have paid into court, for the defendant, the full amount of the judgment, . . . the superior court in which the proceeding was tried may, upon notice of not less than 10 days, authorize the plaintiff, if already in possession, to continue therein, and if not, then to take possession of and use the property during

the pendency of and until the final conclusion of the litigation. . . . The defendant, who is entitled to the money paid into court for him upon any judgment, shall be entitled to demand and receive the same at any time thereafter upon obtaining an order therefor from the court. It shall be the duty of the court, or a judge thereof, upon application being made by such defendant, to order and direct that the money so paid into court for him be delivered to him upon his filing a satisfaction of the judgment, or upon his filing a receipt therefor, and an abandonment of all defenses to the action or proceeding, except as to the amount of damages that he may be entitled to in the event that a new trial shall be granted. A payment to a defendant, as aforesaid, shall be held to be an abandonment by such defendant of all defenses interposed by him, excepting his claim for greater compensation. . . .''

Appellant's contention that respondents are not entitled to rely on the provisions of section 1254 appears to find some support in earlier decisions cited by appellant, but we believe that the recent case of *People* v. *Neider*, 55 Cal.2d 832 [13 Cal.Rptr. 196, 361 P.2d 916], has decided the question involved in the instant case adversely to appellant's contention. In that case the state desiring to widen United States Highway 101 commenced an action seeking, among other things, the condemnation of the fee of a portion of the defendant's lands for the highway proper, and a temporary drainage easement to consist of a new ditch on a portion of defendant's lands parallel to the original ditch which was intended to be filled and made a part of the highway proper. The plaintiff was put in possession at the inception of the action and a judgment was later entered in April 1956, making awards for all interests sought by the plaintiff. The drainage easement was adjudged to be temporary, terminating on June 30, 1957, and the award was limited to such a taking. It was ordered that after that date the defendant would be restored to a fee interest in the lands on which the new ditch existed. Thereafter the judgment as to the temporary easement became final, although a new trial was ordered as to the lands condemned for the highway proper.

Prior to the termination of the temporary easement the plaintiff apparently determined that it needed to keep the new ditch open permanently in order to protect the highway

from subsurface water, and on April 22, 1957, commenced condemnation proceedings seeking a permanent easement for drainage through the new ditch. This matter was consolidated for trial with the matter then pending for retrial, insofar as defendant was affected. A single judgment was filed on September 2, 1957, making separate awards for the taking of the fee for the highway proper and the permanent easement for drainage purposes. On September 22d plaintiff paid into court an amount equal to the aggregate sum of all awards, plus accrued interest due the defendant. (See Code Civ. Proc., § 1254.) This deposit was transferred to the county treasurer. (See Code Civ. Proc., §§ 573, 1254.) On September 23, 1957, the court made an order on application by defendant that the auditor of the county draw a warrant upon the fund, payable to the defendant. A warrant for the full amount due the defendant was drawn and on September 29th presented to and paid by the county treasurer. On October 27th the defendant filed a receipt for the sum drawn down by him in which he stated that he "abandons all defenses . . . except as to the amount of damages he may be entitled to in the event that a new trial shall be granted" limited to the permanent easement for drainage purposes. (See Code Civ. Proc., § 1254.) Thereafter he took an appeal from that portion of the judgment determining and awarding damages for the permanent easement. Plaintiff state moved to dismiss the appeal, contending, as does appellant here, that the provisions of section 1254 were not complied with and that defendant was not entitled to rely thereon. In denying the motion to dismiss the appeal our Supreme Court said (pp. 836-838):

"It is conceded that if plaintiff had sought an order for continued possession under section 1254 of the Code of Civil Procedure defendant's appeal could not be subject to dismissal. But in the instant case the plaintiff lawfully was in possession pursuant to the prior award in condemnation for the temporary easement when the instant proceeding was commenced on April 22, 1957. Although plaintiff's right to possession terminated on June 30, 1957, it nevertheless remained in possession and is now in possession. Plaintiff, in paying into court the amount of the awards, did not seek an order for possession or an order to continue in possession until the final determination of the litigation, as contemplated

by section 1254. Plaintiff contends that, accordingly, no proceedings were had pursuant to section 1254; that the statute does not require the state to proceed pursuant to that section but merely permits it to do so where it desires to obtain immediate or continuing possession.

"... In the instant case the defendant willingly accepted the amount of the award. He did not seek additional security. He filed a receipt in the language of section 1254, clearly indicating his intention to rely on that section. Unlike the Loop case, *supra*, it cannot be said that the one seeking reliance on the statute has waived it. It is manifest that the Loop case cannot have the efficacy which the plaintiff seeks to accord to it in the instant proceeding.

"The statute is designed for the benefit of both the condemner and condemnee. 'It would seem that the framers of both the constitution and the statute had in view the delays incident to condemnation proceedings, and the necessity in many cases of allowing property to be taken and used for a public use during the progress of the litigation, provided an adequate fund to fully reimburse the landowner was first paid into court.' (*Spring Valley Water Works* v. *Drinkhouse,* 95 Cal. 220, 223 [30 P. 218]; see also *Heilbron* v. *Superior Court,* 151 Cal. 271 [90 P. 706].) The basic question is whether the foregoing, mutually beneficial purpose of the statute is to be frustrated by the condemner's failure, intentionally or otherwise, to expressly invoke the statute when depositing with the court the amount of an award in condemnation. As stated, the plaintiff sought no order of possession or continuing possession, as such an order would have been superfluous, at least prior to June 30, 1957. The trial court expressly found that after the June 30 date the plaintiff remained in possession, in that its ditch remained upon the land, undisturbed, performing the same function for plaintiff as when plaintiff was lawfully in possession. If plaintiff's construction of section 1254 is to be followed it would be possible for plaintiff to gain all its benefits contemplated in accomplishing the purpose of section 1254, and completely thwart the purposes of the statute insofar as the condemnee is concerned. In a typical case an order for immediate possession could be obtained upon the filing of a complaint in condemnation. Plaintiff could thereafter deposit the award in court without moving for an order to continue possession. Defendant would then be faced with the very dilemma which

it is the purpose of the statute to avoid. He must either accept the award and lose all rights to appeal, even though in accepting he files the receipt preserving his right to seek greater compensation in the event of a new trial, or he must not use the award, in which event he may appeal on all grounds. In such circumstances the plaintiff need not seek an order for continuing possession, as once the public use has attached, it cannot and ought not be ousted from possession. (*Hillside Water Co.* v. *City of Los Angeles,* 10 Cal.2d 677, 688 [76 P.2d 681].) This is the identical position in which the defendant in the instant case finds himself. Plaintiff has obtained everything section 1254 can provide, and in such circumstances the defendant alone ought to be and is entitled to make the election to proceed under section 1254. Were this not so the section would become a nullity, insofar as a condemnee's rights thereunder were concerned. It would seem manifest that such a result was not intended by the Legislature.''

We believe that the decision in the Neider case is determinative of the instant appeal. The facts in the two cases are strikingly similar, although we believe that the facts in the instant case are even stronger than the facts in the Neider case.　　　In the instant case appellant was in possession and there was no question as to its right to continued permanent possession as the state had at the time of the trial demolished respondents' existing improvements and commenced construction of the highway. Therefore it would have been superfluous for appellant to have sought an order of possession. Respondents, who had a motion for new trial pending, upon receipt of the draft deposited by the state with the county clerk filed with the court a receipt for the same and an abandonment of all defenses in the action except the claim for greater compensation.

　　　As stated by the Supreme Court in the Neider case, section 1254 is designed for the benefit of both the condemner and the condemnee.　　　What the court said at page 838 is applicable to the instant case: ''. . . Plaintiff has obtained everything section 1254 can provide, and in such circumstances the defendant alone ought to be and is entitled to make the election to proceed under section 1254. Were this not so the section would become a nullity, insofar as a condemnee's rights thereunder were concerned. It would seem manifest that such a result was not intended by the Legislature.''

We believe that the court correctly ruled that respondents had not waived their right to move for a new trial and that the order granting respondents' motion for a new trial should be affirmed.

The order is affirmed.

Van Dyke, P. J., and Peek, J., concurred.