[Civ. No. 25267. Second Dist., Div. Four. Sept. 20, 1962.]

THE PEOPLE ex rel. THE DEPARTMENT OF PUBLIC WORKS, Plaintiff and Appellant, v. MARY A. GUTIER-REZ, Individually and as Executrix, etc., Defendant and Respondent.

Holloway Jones, Jack M. Howard, David T. Hayden, Edward L. Doyle and Robert E. Reed for Plaintiff and Appellant.

Harold W. Kennedy, County Counsel (Los Angeles), and A. R. Early, Deputy County Counsel, as Amici Curiae on behalf of Plaintiff and Appellant.

Twitchell & Twitchell and Floyd C. Dodson for Defendant and Respondent.

BURKE, P. J.—In an eminent domain proceeding may a condemnee prosecute a motion for a new trial *after* having applied for and received payment of the full amount due her

under the judgment, filed her receipt and abandonment of defenses, excepting her claim for greater compensation, where the condemner has neither demanded nor taken any procedure to gain possession of the property?

This is the basic issue presented in this appeal from the order granting a new trial to defendant Mary A. Gutierrez. After a jury trial in Santa Barbara County judgment was ordered condemning to the plaintiff certain parcels of property in which defendant Gutierrez personally and as executrix of the estate of Maria Simas Alvarnaz had an interest upon the payment into court for the benefit of all interested defendants of the total sum of $49,422. The judgment apportioned that award among the interested defendants, decreeing that $34,771 might be withdrawn by or on behalf of defendant Gutierrez, the balance to go to the parties not involved in this appeal.

On the day that the judgment in condemnation was entered plaintiff deposited the full amount of the judgment award with the clerk and procured the final order of condemnation. Seven days after deposit of the general judgment award defendant filed her notice of intention to move for new trial. On the following day defendant applied ex parte and procured an order directing payment to her of the full amount to which she was entitled under the judgment pending motion for new trial or appeal under section 1254 of the Code of Civil Procedure. She also deposited with the clerk her receipt and abandonment of defenses. The clerk issued his requisition to the auditor for the withdrawal and payment of the sum due defendant Gutierrez and the money was paid to her.

Subsequently thereto the motion for new trial was granted and defendant filed her memorandum of motion to again set the case for trial. Plaintiff subsequently discovered defendant's earlier withdrawal of the funds under the judgment and filed its notice of appeal from the new trial order. Up to this time plaintiff had not entered into possession of the property. Subsequently, in order that an award of a highway construction contract would not be delayed the plaintiff took what it maintains was its first step under section 1254 of the Code of Civil Procedure by filing its notice of motion for an order to demand possession of the property pending conclusion of the litigation, and upon obtaining such order entered into possession of the property.

█ Plaintiff asserts on appeal that the trial court erred in granting a new trial after defendant had withdrawn the portion of the judgment award deposited for her benefit upon the long-established principle that a party cannot accept the benefits of a judgment and at the same time attack that judgment. (*Schubert* v. *Reich,* 36 Cal.2d 298, 299 [223 P.2d 242].) Application of the rule to eminent domain proceedings has been recognized. (*People* ex rel. *Dept. of Public Works* v. *Neider,* 55 Cal.2d 832, 834-835 [13 Cal.Rptr. 196, 361 P.2d 916]; *People* ex rel. *Dept. of Public Works* v. *Loop,* 161 Cal. App.2d 466, 475 [326 P.2d 902].)

█ In *County of San Bernardino* v. *County of Riverside,* 135 Cal. 618, 620 [67 P. 1047], the rule is stated, ''The right to accept the fruits of a judgment or order, and the right to appeal therefrom, are not concurrent, but are wholly inconsistent, and an election of either is a waiver and renunciation of the other.''

As clearly set forth in *People* ex rel. *Dept. of Public Works* v. *Neider, supra,* 55 Cal.2d 832, 835, however, section 1254 of the Code of Civil Procedure constitutes an express statutory exception or modification of the general rule heretofore stated. In that case, as in the case at bench, the condemner did not expressly invoke section 1254 when depositing the amount of the award with the court. Neither did it seek an order of possession or of continuing possession. Likewise, in *Neider,* as in the instant case, the defendant did not seek the additional security for which he was entitled to apply. But this did not mean that he could not obtain his other benefits under the section.

As in the *Neider* case, the defendant here complied scrupulously with the provisions of section 1254. She filed her receipt and abandonment of all defenses to the action except as to the amount of damages. Plaintiff seeks to distinguish the *Neider* case by pointing out that in it plaintiff had been and was in actual possession and therefore the legislative purpose of section 1254 was clearly applicable to the defendant.

█ That purpose was declared by the court in *Spring Valley Water Works* v. *Drinkhouse,* 95 Cal. 220, 223 [30 P. 218], to be to implement the provisions of the Constitution (art. I, § 14) which prohibit the taking of private property for public use without just compensation having first been paid to the owner or paid into court for his benefit.

At the time of the event from which this appeal arises and

prior to its recent amendment (Stats. 1961, ch. 1613, § 8), Code of Civil Procedure section 1254 contained twenty separate sentences, one of which provides that payment to a defendant under the procedure set out in the statute shall be held to be an abandonment by such defendant of all defenses interposed by him, excepting his claim for greater compensation.

The section further provides that in all cases where a new trial has been granted upon the application of the defendant, and he has failed upon such trial to obtain greater compensation than was allowed him upon the first trial, the costs of such new trial shall be taxed against him.

Plaintiff asserts that the language of section 1254, Code of Civil Procedure, manifests its clear purpose to provide a procedure whereby ''. . . the superior court . . . may . . . authorize the plaintiff, if already in possession, to continue therein, and if not, then to take possession of and use the property during the pendency of and until the final conclusion of the litigation, . . .'' The People cite the case of *People* ex rel. *Dept. of Public Works* v. *Dittmer,* 193 Cal.App.2d 681 [14 Cal.Rptr. 560], in further support of its contention that section 1254 is only applicable in cases where the People are actually in possession of the condemned property or desire to obtain possession pending the conclusion of the litigation. In *Dittmer* plaintiff had obtained an order of possession after commencing the action and thus, as in *Neider* (*People* ex rel. *Dept. of Public Works* v. *Neider, supra,* 55 Cal.2d 832), had possession at the time the respective condemnees in those two cases drew down the money under section 1254.

Thus, the People in effect are asserting that except in cases where, as in *Neider* and *Dittmer,* condemner shall already have possession condemnee's right to the money paid into court is dependent upon condemner's previously invoking the provisions of the first sentence of section 1254 which prescribes the procedure whereby upon notice the plaintiff may determine what further sum may be required by the court as a fund to pay any further damages and costs that may be recovered in the proceedings. *Neider* expressly denies this contention by the simple statement (55 Cal.2d at pp. 837-838), ''The statute is designed for the benefit of both the condemner and condemnee. . . . Merely because defendant did not seek the additional security to which he was entitled does not mean that he cannot obtain his other benefits under the section.''

 We hold that neither possession by the condemner nor a proceeding upon notice by it under the first sentence of section 1254, Code of Civil Procedure, is a prerequisite to condemnee's right to draw down the money under section 1254.

In *Los Angeles P. & G. Ry. Co.* v. *Rumpp,* 104 Cal. 20 [37 P. 859], the condemner paid the damages into court following the entry of judgment. The condemnee received the money so paid and having filed her abandonment of all defenses to the action except her claim to greater compensation moved for a new trial. Her motion having been denied she appealed and the judgment was reversed. A second trial was had and a lesser amount of damages was awarded than had been awarded at the first trial. The court declared (p. 25) that under section 1254 the condemnee ". . . received the money without prejudice to any proceeding authorized by it to recover greater compensation, but under a condition that plaintiff's right to occupy the land shall not be questioned. Upon payment of the money plaintiff acquired a vested right in the property, and the defendant a vested right in the compensation. [Citations.] The abandonment by the defendant of all defenses except her claim for greater compensation confirmed plaintiff's right to the property, and estopped her from denying that right, and the plaintiff, we think, is equally estopped to say that the money received by the defendant is not hers.

"It is urged, however, that the appeal from the first judgment vacated it, and with it the finding of the compensation awarded to the defendant. But if that were true the plaintiff's right to the possession was swept away with the defendant's right to the compensation. Plaintiff's right to possession, depending, as it does under the constitution, upon compensation first made, cannot exist without it. It is therefore clear that the appeal of defendant, accompanied by her abandonment of other defenses, did not, as in ordinary cases, vacate the judgment. Nothing that was in issue upon the first trial was in issue upon the second. The sole questions were, whether the defendant was entitled to 'greater compensation,' and, if so, how much additional compensation was she entitled to."

 Similarly, in the present case when the condemner deposited the money into court and the condemnee elected to receive it under the conditions and restrictions of section 1254 condemner thereupon obtained the right to the possession of the premises condemned. The motion for new trial was not

upon all the issues presented in the pleadings since condemnee by accepting the funds under section 1254 expressly abandoned all defenses and issues save and except whether she was entitled to ''greater compensation'' than the amount awarded her. Thus, although in a sense a ''new trial'' was sought by her it was upon a very limited basis since, as stated in *Los Angeles P. & G. Ry. Co.* v. *Rumpp, supra,* 104 Cal.20, 26, ''Nothing that was in issue upon the first trial was in issue upon the second,'' the sole questions being whether she was entitled to greater compensation and if so how much. Under this view of the case the subsequent proceedings initiated by the condemner after the new trial was ordered to proceed were wholly unnecessary. Under section 1254, condemner obtained clear right of legal possession of the property as of the moment the condemnee elected to apply for and receive the moneys coming to her under the judgment. At such time the right of the condemner to the title and exclusive possession of the property became final.

The order granting the new trial is affirmed.

Jefferson, J., and Ford, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 13, 1962. Gibson, C. J., and Tobriner, J., were of the opinion that the petition should be granted.

---

*Assigned by Chairman of Judicial Council.