[Civ No. 20091. First Dist., Div. Three. Feb. 27, 1963.]

SOUTH SAN FRANCISCO UNIFIED SCHOOL DISTRICT, Plaintiff and Respondent, v. ANTONIO SCOPESI et al., Defendants and Appellants.

Field, DeGoff, Rieman & Murphy and Sidney F. DeGoff for Defendants and Appellants.

Keith C. Sorenson, District Attorney, and Lyle R. Edson, Chief Civil Deputy, for Plaintiff and Respondent.

SALSMAN, J.—Defendants appeal from an order made by the trial court, striking out an exception in the description of real property contained in the summons, complaint, interlocutory decree, and final order of condemnation.

Defendants were the owners of a parcel of land consisting of 13.215 acres, which plaintiff condemned for use as a site for its high school. The complaint first correctly described the full 13.215 acres, but at the close of this description, words of exception were included in the description which had the effect of withdrawing approximately 3.5 acres from the 13.215 previously described. The description further recited that the property described was "the whole of an entire parcel." Defendants' answer admitted ownership of the property described, but made no reference to a claim for severance damage. Throughout the entire progress of the case, all parties assumed that the 13.215 acres had been accurately described, and no one paid any attention to the words of exception at the end of the description. In their testimony defendants described their property as containing 13 plus acres, and outlined their area on a map. They placed their own value on the entire 13.215 acres. Defendants' expert appraisers described the entire parcel and at the conclusion of their testimony gave their expert opinion as to the value of the 13.215 acres. Plaintiff's expert witnesses followed right along, and valued defendants' 13.215-acre ownership without reference to the exception. The trial judge and jury viewed the property as a single parcel of 13.215 acres. The jury returned its verdict, finding that the value of the property described as parcel I was $116,350. After the entry of the interlocutory decree and final order of condemnation, plaintiff took possession of the entire 13.215 acres. Defendants took an appeal. A few minutes before the case was called for argument in the appellate court, counsel for defendants suggested to plaintiff's counsel the possibility of error or confusion in the descrip-

tion, but the matter was not called to the attention of the appellate court, and the argument proceeded as an appeal from a judgment making an award for defendants' 13.215-acre ownership. Judgment was affirmed and in its opinion the appellate court referred to defendants' land as a parcel containing 13.2 acres, more or less. (*South San Francisco etc. School Dist.* v. *Scopesi*, 187 Cal.App.2d 45 [9 Cal.Rptr. 459].) Defendants have withdrawn and received the entire award made by the jury. After issuance of the remittitur, plaintiff filed a motion in the trial court to strike out that portion of the description containing the words of exception previously referred to, and this appeal follows the granting of that motion.

The defendants are in no position to object to the trial court's order striking out the exception contained in the description of the entire parcel of land. Both parties and all the expert witnesses valued the land as an entire parcel and submitted to the jury the question of the fair market value of the full 13.215 acres. Defendants have received and now retain the entire award. Defendants have not been aggrieved by the trial court's order. (*Donegan* v. *City of Los Angeles,* 109 Cal.App. 673 [203 P. 912].)

Where, as here, an owner voluntarily accepts the amount awarded for the taking of his entire parcel of land, he waives his right to claim that the proceedings are irregular, and affirms their validity. (*City of Petaluma* v. *White,* 152 Cal. 190, 195 [92 P. 177]; *Mt. Shasta Power Corp.* v. *Dennis,* 66 Cal.App. 186 [225 P. 877]; *People* v. *Neider,* 55 Cal.2d 832 [13 Cal.Rptr. 196, 361 P.2d 916]; *People* ex rel. *Dept. of Public Works* v. *Loop,* 161 Cal.App.2d 466, 475 [326 P.2d 902].) Since we have determined from the record that the defendants have not been aggrieved by the order of the trial court, it is unnecessary to discuss the various contentions urged upon us by appellants, and which it is claimed would require the order to be reversed.

The appeal is dismissed.

Draper, P. J., and Devine, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 24, 1963.