[Civ. No. 27351. First Dist., Div. Three. Oct. 26, 1971.]

SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, Plaintiff and Appellant, v.
FREMONT MEADOWS, INC., Defendant and Respondent.

## Counsel

Rogers, Vizzard & Tallett and John H. Tallett for Plaintiff and Appellant.

Knox, Goforth, Ricksen & Robbins, William D. Bowser and Calvin T. Goforth for Defendant and Respondent.

## Opinion

**BROWN (H. C.), J.**—This is an appeal by San Francisco Bay Area Rapid Transit District (BART) in an eminent domain action from the order granting a new trial in favor of Fremont Meadows, Inc. (condemnee) on the grounds of an inadequate award of damages.

The sole issue presented at the trial was the fair market value of the property acquired by BART in the eminent domain proceedings. The jury returned a verdict evaluating the property at 90 cents per square foot or a total of $391,252. The trial court granted a new trial on the grounds of inadequate damages and insufficiency of the evidence to justify the verdict. BART, pursuant to Code of Civil Procedure section 1254, subdivision (a), paid into court the money to satisfy the judgment. The condemnee applied for and was granted the right to withdraw the amount deposited and filed a "Receipt and Abandonment of All Defenses Except as to the Amount of Damages."

BART on this appeal contends (1) that the trial court failed to comply with sections 657, 660, and 662.5 of the Code of Civil Procedure in the granting of a new trial; (2) that there was an abuse of discretion in the granting of a new trial; (3) that the condemnee waived the right to a new trial by the withdrawal of the sum deposited by BART in payment of the judgment; (4) that the trial court erred in denying BART's motion for satisfaction of the judgment or redeposit of the money received by the condemnee.

■ Relative to appellant's first contention on appeal; i.e., that the court failed to comply with the Code of Civil Procedure provisions in the order granting new trial, the record discloses that the formal order granting a new trial was timely filed on December 23, 1968. ■ The statement of reasons conforms to the standard enunciated in *Mercer* v. *Perez,* 68 Cal.2d 104, 115-116 [65 Cal.Rptr. 315, 436 P.2d 315], and *Scala* v. *Jerry Witt & Sons, Inc.,* 3 Cal.3d 359, 363-364 [90 Cal.Rptr. 592, 475 P.2d 864]. The court in its reasons stated that the verdict ignored the highest and best use of respondent's property; that the jury gave too great a consideration to one comparable sale, the Capwell sale; that the verdict apparently excluded the comparable sales for uses on respondent's property on the basis of size which was only one of the elements of comparability; and, further, that the preponderance of evidence as to unique location and highest and best use of respondent's property demonstrated the gross inadequacy of the award. We have thus determined that the statement of reasons is not couched in terms of ultimate facts but recites the basis for finding the award inadequate.

■ Appellant urges that the minute order of December 13, 1968, does not fulfill all of the statutory requirements of Code of Civil Procedure section 657. Compliance in this initial minute order is unnecessary.

The minute order of December 13 stated as follows: "This action comes on regularly this day for hearing on defendant's motion for new trial. Oral argument presented by respective counsel and said matter is submitted. The court orders that the motion for new trial will be granted unless plaintiff filed an additur to the judgment within ten (10) days. Said matter is continued to December 23, 1968 for further hearing."

■ The initial minute order entered in the permanent minutes is a determination of the motion for new trial. (See Code Civ. Proc., § 660.) Thus, the order of December 13, despite its conditional nature, operated as the judge's decision and fixed the status and rights of the parties. (See *Chapman* v. *Municipal Court,* 91 Cal.App.2d 689, 691 [205 P.2d 712].)

The judicial function had been performed in the sense that the determination had been made. (See *Alberton* v. *Superior Court,* 265 Cal.App.2d 812, 816 [71 Cal.Rptr. 553].) This does not mean, however, that the initial order must contain all the requirements of the procedure set forth in the code sections governing the ordering of new trials. Section 660, which covers the procedure for determining the motion for new trial, contemplates that the minute order which determines the motion "expressly directs that a written order be prepared, signed and filed." The written order of December 23, as prepared, signed and filed, complied with all the requirements of Code of Civil Procedure section 657.

The minute order of December 13 was not only the determination of the motion for new trial, but it was also the exercise of the trial court's power of additur. Code of Civil Procedure section 662.5 covers the procedure by which the court exercises this power. At the time of the new trial proceeding herein, the section provided as follows: "(a) In any civil action where the verdict of the jury on the issue of damages is supported by substantial evidence but an order granting a new trial limited to the issue of damages would nevertheless be proper, the trial court may grant a motion for a new trial on the ground of inadequate damages and make its order subject to the condition that the motion for a new trial is denied if the party against whom the verdict has been rendered consents to an addition of so much thereto as the court in its discretion determines and specifies in its order." (1967 Stats., ch. 72, p. 972.)

We do not agree with appellant's argument that the court's minute order is defective because it does not state the ground for additur. The requirement that the amount be specified is set forth in Code of Civil Procedure section 662.5 and the requirement for stating the grounds for ordering a new trial is in Code of Civil Procedure section 657. The minute order of December 13 did not contain the words "inadequate damages," but it did state the ground by virtue of its additur conditions for the only basis on which additur power may be exercised is inadequate damages. (*Jehl* v. *Southern Pac. Co.,* 66 Cal.2d 821, 827, fn. 1 [59 Cal.Rptr. 276, 427 P.2d 988].)

The written minute order of December 13 did not specify the amount of the additur. The judge in his statement in open court at the close of arguments on the motion for new trial indicated that he would grant the motion for a new trial "unless the plaintiff is willing to pay to the defendant a sum of money based on $1.50 per square foot." The appellant argues that resort may not be made to oral pronouncements to uphold the order. It may be

noted, however, that the wording of section 662.5 does not specify that the amount must be in the written order. Moreover, no case has held that this particular requirement of section 662.5 is mandatory. The purpose of requiring that the amount of additur be specified would seem to be limited to informing the parties of the precise conditions they would have to fulfill to avoid the granting of the order for new trial.

While the amount of the additur here necessarily must be determined by the number of square feet in the parcel, this could be determined by resort to the jury verdict where the total amount was based on a figure of 90 cents per square foot. It would be a simple mathematical computation to use the same square footage at the $1.50 per square foot figure.

Further, the appellant below did not object to this means of stating the amount of additur, did not ask for a clarification, and made no attempt to comply with the terms of the additur even at the minimum square footage. This could have been cured at the trial level by a timely objection. Appellant cannot now urge this objection for the first time on appeal. (See *Pacific Tel. & Tel. Co.* v. *Monolith Portland Cement Co.,* 234 Cal.App. 2d 352, 359 [44 Cal.Rptr. 410]; *People* ex rel. *Dept. Pub. Wks.* v. *Hamud,* 254 Cal.App.2d 593, 596 [62 Cal.Rptr. 266].) Appellant's failure to attempt to comply with the terms of the additur indicates that it was not prejudiced by the lack of a specific amount but rather did not intend to comply with the conditions of additur. Even assuming that the attempt to invoke the additur power of the court was ineffective because of a failure to comply with the provisions of section 662.5, it seems clear that the effect of such failure would be the granting of the new trial just as though the conditions had been rejected. In *Jordan* v. *Warnke,* 205 Cal.App.2d 621, 633 [23 Cal.Rptr. 300], the conditional order for new trial was filed so late in the 60-day period that there was no way for the defendant to accept or to reject the modifications. The court held that the alternative provisions of the order automatically became effective and the new trial had been granted.

The appellant next urges that the trial court abused its discretion in granting the motion for a new trial.

Code of Civil Procedure section 657 specifies the rule for appellate review of an order granting a new trial on the ground of inadequate damages. ". . . [S]uch order shall be reversed as to such ground only if there is no substantial basis in the record for any of such reasons." This standard continued the previous role of the appellate court. "The granting of a motion for a new trial in condemnation proceedings rests within the discretion of the

trial judge, and a reviewing court will not interfere with the decision of the trial court in the absence of a clear abuse of discretion." (*Los Angeles City High School Dist.* v. *Kita,* 169 Cal.App.2d 655, 664 [338 P.2d 60]; see also *People* v. *Ocean Shore Railroad,* 32 Cal.2d 406, 426 [196 P.2d 570, 6 A.L.R.2d 1179]; *People* ex rel. *Dept. Pub. Works* v. *Bond,* 231 Cal.App. 2d 435, 440 [41 Cal.Rptr. 900, 13 A.L.R.3d 1142].)

There is clearly substantial evidence in the record to support the reasons given by the trial court for his determination that the damages were inadequate. The valuation experts were in accord that the highest and best use of the property was for a C-O Administrative and Professional Office District. The respondent has accurately summarized the comparable sales to demonstrate that there was support for the judge's statement that the verdict ignored the highest and best use of the property.

The trial judge reasoned that the jury considered the factor of comparable size to the exclusion of other factors. Appellant argues that the court abused its discretion in permitting respondent at trial to introduce as comparables parcels that were under two acres and then compounded this abuse by granting a new trial for the reason that the jury rejected these sales. The court in *People* ex rel. *Dept. Pub. Wks.* v. *Silveira,* 236 Cal.App.2d 604, 623-624 [46 Cal.Rptr. 260], held that it was not an abuse of discretion to admit smaller sales as comparables. The court pointed out that the determination of what are similar properties must vary with each particular case and does not depend upon one factor alone.

The trial court here also considered that the jury had given too great a consideration to the Capwell sale. Appellant agrees that there is little doubt that the jury gave considerable weight to the sale. This was a transfer of approximately 15 acres by respondent to the Emporium-Capwell Company in September of 1966 for a total price that yields approximately 79 cents per square foot. The property is directly across the street from the subject property and is zoned C-B-D (Central Business District). There was evidence that the price did not represent the current market value. In discussing this sale, as in discussing other sales, appellant is arguing the weight of the evidence.

■ BART next contends that respondent waived its right to a new trial by withdrawal of the sum deposited by BART in payment of the judgment.

Code of Civil Procedure section 1254, subdivision (a), provides that in any case in which the plaintiff is not in possession of the property sought to be condemned, the plaintiff may deposit into court the full amount of

the judgment and may, thereafter, apply ex parte to take possession of the property. Subdivision (f) provides that the defendant may receive the money but in doing so he must lose his right to appeal *except for greater compensation*. The wording of subdivision (f) is as follows: "(f) The defendant, who is entitled to the money paid into court for him upon any judgment, shall be entitled to demand and receive the full amount of the judgment at any time thereafter upon obtaining an order therefor from the court. The court, or a judge thereof, upon application by such defendant, shall order and direct that the money so paid into court for him be delivered to him upon his filing a satisfaction of the judgment, or upon his filing a receipt therefor, and an abandonment of all defenses to the action or proceeding, except as to the amount of damages that he may be entitled to in the event that a new trial is granted. A payment to a defendant, as aforesaid, shall be held to be an abandonment by such defendant of all defenses interposed by him, excepting his claim for greater compensation."

BART's argument on this issue is based upon the long established principle that a party cannot accept the benefits of a judgment and at the same time attack that judgment. (*Schubert* v. *Reich,* 36 Cal.2d 298, 299 [223 P.2d 242].) Code of Civil Procedure section 1254 constitutes an express statutory exception to this general rule. (*People* v. *Neider,* 55 Cal.2d 832, 835 [13 Cal.Rptr. 196, 361 P.2d 916].)

BART argues that the condemnee is permitted to receive the amount of the judgment only if the condemner has obtained possession of the property. Here, respondent applied for and received the money from BART before BART sought possession.

This precise issue has been decided in *People* ex rel. *Dept. of Public Works* v. *Gutierrez,* 207 Cal.App.2d 759 [24 Cal.Rptr. 781]. The court said (p. 764): "We hold that neither possession by the condemner nor a proceeding upon notice by it under the first sentence of section 1254 Code of Civil Procedure, is a prerequisite to condemnee's right to draw down the money under section 1254." Appellant, while recognizing the rule announced in *Gutierrez,* asserts that the decision is in conflict with *People* v. *Neider, supra,* 55 Cal.2d 832 and *People* ex rel. *Dept. Public Wks.* v. *Loop,* 161 Cal.App.2d 466 [326 P.2d 902]. We have examined both *Neider* and *Loop* and do not find that either case conflicts with *Gutierrez.* In *Neider,* the state did not seek an order for possession because it had possession. In *Loop,* the plaintiff did nothing to invoke the provisions of Code of Civil Procedure section 1254. Neither the *Neider* nor the *Loop* decision

turns upon the question of whether the condemners had possession of the property sought to be condemned, whereas this was the precise issue in *Gutierrez*. We have therefore concluded that possession by the condemner is not a prerequisite to the condemnee's right to withdraw the amount of money deposited by the condemner. For the reasons specified, the trial court did not err in denying appellant's motion for satisfaction of judgment or redeposit of the judgment award.

The order granting a new trial is affirmed. The appeal from the interim nonappealable order of December 13, 1968 is dismissed.

Draper, P. J., and Caldecott, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 23, 1971.