[Civ. No. 20464.   Second Dist., Div. One.   Jan. 24, 1955.]

RAY GOTTBEHUET, Plaintiff and Appellant, v. EDWIN J. FOX et al., Defendants and Appellants.

Milton A. Krug for Plaintiff and Appellant.

Macfarlane, Schaefer & Haun, F. J. Caldecott and Henry Schaefer, Jr. for Defendants and Appellants.

DRAPEAU, J.—By a complaint containing two causes of action plaintiff sought to recover on two promissory notes for $15,000 each, executed and delivered to him by defendants. One was dated September 6, 1946, and was set out in the first cause of action. The other, dated September 9, 1946, was the subject of the second cause of action.

The answer admitted the execution and delivery of the two notes. As an affirmative defense, defendants alleged that they received the sum of $15,000 and gave plaintiff the note set out in the second cause of action. That some time thereafter, plaintiff represented to them that he had lost this note. No one could remember the date of it. As a result, defendants executed a new note, dated September 6, 1946, as set forth in the first cause of action. Defendants also alleged and claimed throughout the trial that there was but one loan of $15,000 made to them by plaintiff; that there was only one note evidencing such loan and that this note was reissued on the representation of the loss of the original note. It was further alleged that the loan had been fully paid and discharged.

Plaintiff testified at the trial that he lent defendants $15,000 on January 28, 1946, by delivering to them two checks: one for $10,000 and the other for $5,000. A few months later, he asked defendants to give him a note to cover this loan, which they did, paying the interest from January 28th in cash. A month or so later, plaintiff lost this note and in August he mentioned this fact to defendants. The note for $15,000 dated September 6, 1946, was given to plaintiff to replace the lost note. On September 9, 1946 plaintiff delivered to defendants another $15,000 and they gave him the note of even date as security.

Defendants were president and secretary, respectively of Mayfair Companies. Plaintiff was employed by the corporation. In 1948, when the notes were about two years old, plaintiff pressed defendants for payment. Defendants directed that he withhold $100 to $200 each week from collections he was making for the Mayfair Companies, and "they in turn would reimburse Mayfair Companies for the amount I was withholding."

From that time until September 18, 1950, plaintiff withheld

from collections a total of $14,190 which he credited to principal and interest of the note of September 6, 1946, reporting such withholdings to defendants' secretary.

On September 18, 1950, plaintiff presented a statement to defendants showing a balance of $4,410 due on the $15,000 note of September 6th. Defendants thereupon gave him a note for this balance. A notation across the face thereof shows payment as of March 15, 1951.

At the close of plaintiff's case, the trial court granted defendants' motion for nonsuit as to the note dated September 6, 1946, as set forth in the first cause of action, on the ground that it had been paid. The trial proceeded on the second cause of action and on December 15, 1953, the court gave judgment in favor of defendants.

Thereafter plaintiff moved for a new trial. On February 15, 1954, the motion was denied and the trial court vacated and annulled the findings of fact and the judgment of December 15, 1953, in favor of defendants. And the court rendered a judgment in favor of plaintiff on the $15,000 note set forth in the second cause of action, together with attorneys' fees, interest and costs.

Plaintiff here appeals from the order and judgments of nonsuit as to the first cause of action. Defendants appeal from the judgment adverse to them on the second cause of action.

### Plaintiff's Appeal

Plaintiff asserts that the nonsuit was improperly granted because the evidence did not establish payment of the note.

In this connection he admits that he received sufficient money from his withholdings to pay off the note sued upon and that he so applied it. However, he takes the position that such payment was upon condition that defendants should reimburse the corporation for the amounts withheld. And since there is no evidence of performance of the condition, the condition failed. As a result, he is liable to Mayfair for the money withheld and it cannot constitute payment of the note.

In other words, that he is under a contingent liability to reimburse Mayfair for the money withheld and credited against the note.

■ "In ruling upon a motion for a nonsuit the evidence must be viewed in the light most favorable to plaintiff. The evidence herein, viewed in accordance with that rule, was not of sufficient substantiality to support a finding for plaintiff." *Beckerman* v. *Huteson*, 125 Cal.App.2d 79, 81 [269 P.2d 906].

Likewise in the case under consideration. The first cause of action is strictly one at law to recover a specific sum of money on a promissory note. It is directed against the makers of the note alone. Mayfair was not joined as a party. Neither conditional payment nor failure of the condition was alleged.

Plaintiff took the stand and testified that he had received the full amount of the note sued upon. Documentary evidence was introduced which proved it, to wit:

(a) A renewal statement dated September 18, 1950, showing a balance of $4,410 due on the note of September 6, 1946.

(b) A note of even date for $4,410 marked paid as of March 15, 1951.

(c) The cancelled note of September 6, 1946.

In the circumstances presented, the trial court properly granted the motion for nonsuit.

### Defendants' Appeal

Defendants urge error by the court in sustaining plaintiff's objections to evidence offered by them. They offered to prove by Mrs. Helen Saunders, one of their employees, that the testimony of plaintiff regarding the withholdings from Mayfair was not true.

They insist that this impeaching evidence "would have convinced the court that there was in fact only one loan . . . and would have been conclusive of the fact that the testimony of the plaintiff was not worthy of belief in any particular whatsoever."

The offered evidence had reference to the first cause of action and the offer was not made until after the motion for nonsuit as to that cause of action had been granted.

Counsel for defendants explained: "I perhaps am offering that because of an ethical sense. These people are virtually charged with entering into what I would consider an illicit and illegal arrangement to defraud the company and to permit someone to make collections. I am desirous of having them refute that charge and to have the testimony in Court to refute it.

"The Court: There is no issue of that sort before me. Sustained." Counsel then withdrew the witness and acquiesced in the ruling.

At the time it was offered, this evidence was clearly immaterial, and its rejection was not prejudicial to defendants.

It is also asserted that the court erred in signing a

new and a different judgment. This was done upon the hearing of plaintiff's motion for a new trial.

In discussing this subject in *Pacific Home* v. *County of Los Angeles,* 41 Cal.2d 855, 857 [264 P.2d 544], our Supreme Court stated:

"Upon denying the motion for a new trial, the court was authorized to vacate the prior findings, conclusions and judgment, and to make new findings and conclusions, and to render a new judgment. (Code Civ. Proc., § 662; *Spier* v. *Lang,* 4 Cal.2d 711, 713-714 [53 P.2d 138]; see, also, *Estate of Busteed,* 105 Cal.App.2d 14, 16-18 [232 P.2d 881].) Accordingly, the new judgment entered April 17, 1952, superseded the judgment entered February 18, 1952. Defendants' appeal from the superseded judgment is therefore a nullity and will be dismissed."

In accord with the foregoing, plaintiff's purported appeal from the superseded judgment of December 15, 1953, is dismissed.

The order granting defendants' motion for judgment of nonsuit, and the judgment of February 15, 1954, are, and each of them is, affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied February 15, 1955.