[Civ. No. 7009. Fourth Dist. Feb. 11, 1963.]

SOUTHERN CALIFORNIA GAS COMPANY, Plaintiff and Appellant, v. JOSEPH W. WOLFSKILL COMPANY, Defendant and Appellant.

Overton, Lyman & Prince and Carl J. Schuck for Plaintiff and Appellant.

Eilers, Wehrle & Anderson and Trent G. Anderson, Jr., for Defendant and Appellant.

COUGHLIN, J.—Both the plaintiff and defendant herein appeal from parts of an interlocutory judgment in an eminent domain proceeding involving the acquisition of a gas pipeline easement.

At the time of oral argument before this court each of the parties moved to dismiss the appeal of the other.

The judgment appealed from ordered that upon payment into court by the plaintiff, for the benefit of the defendant, of the sum of $4,250, consisting of $750 as the market value of the easement to be acquired and the further sum of $3,500 as severance damages, together with the defendant's costs of suit, there should be condemned to the plaintiff a particularly described easement over the defendant's property; defined the use of said easement; directed that payment into court of the aforesaid sums shall constitute full payment for all "interests in property sought to be condemned"; ordered that, "pursuant to stipulation in open court," upon entry of judgment and the payment into court of the said $4,250, the plaintiff might have possession of said easement for the purpose of constructing, operating, and maintaining its pipeline, and the defendant might withdraw $2,125 of the sum deposited; provided that the payment of the award into court by the plaintiff did not constitute a waiver of the right of any party to appeal from the judgment; and further provided that, when a judgment fixing the amount of compensation payable to the defendant became final, it should be paid the balance of the money on deposit to which it might be entitled.

### APPEAL BY PLAINTIFF

The plaintiff gas company appeals from that part of the judgment which, in substance, awarded the defendant $3,500 severance damages, contending that the only evidence in support thereof was the testimony of an expert witness called by the defendant, and that the court erred in denying the plaintiff's motion to strike that testimony.

The surface area of the easement sought by the plaintiff, consisting of 2.94 acres, was part of a larger parcel owned by the defendant. The witness in question testified, in substance, that as a result of the taking, in his opinion, the defendant sustained severance damages in the sum of $5,687. After a cross-examination respecting the method by which the witness arrived at the foregoing conclusion, the defendant moved to strike all of his testimony on the subject of severance damages upon the ground that his opinion was based upon a consideration of improper factors. This motion was denied; was renewed at the time of making a motion for a directed verdict; and again was denied.

In support of its position the plaintiff relies upon its interpretation of the witness' answers to a few of the ques-

tions propounded to him; claims that the basis for his opinion is thus related to damages sustained by the parcel of property over which the easement was sought rather than by the remaining parcel; and contends that an award of damages predicated upon such an opinion constitutes a duplication of damages awarded for the taking of the easement. Primarily, the plaintiff's contention is based on the testimony of the witness that he considered the lineal footage in the easement as a mathematical unit in making his damage computations, and interprets this testimony to mean that the witness was considering the easement as such in making those computations. This contention overlooks the fact that the easement sought by the plaintiff was located upon that part of the defendant's property which adjoined a highway; that the remaining parcel, therefore, fronted upon this easement rather than upon the highway; and that the footage of the easement was also the footage of the remaining parcel which fronted upon it.

Our review of the record supports the conclusion that the plaintiff's position is not justified; that a consideration of the testimony of the subject witness, taken as a whole, establishes that his opinion was based upon the accepted rule that severance damages are measured by the difference, if any, between the market value of the remaining property before and after the taking (*Pacific Gas & Elec. Co.* v. *Hufford,* 49 Cal.2d 545, 555 [319 P.2d 1033]), which he declared to be the measure applied by him, and which his testimony respecting the factors he considered indicates was the measure actually used; and that the finding of the trial court to this effect, implied in its order of denial, was proper. (See *Pacific Gas & Elec. Co.* v. *Hufford, supra,* 49 Cal.2d 545, 554; *Rose* v. *State of California,* 19 Cal.2d 713, 736 [123 P.2d 505].) ▮ We are under no duty to detail the testimony in question or our analysis thereof for the purpose of demonstrating the error in the plaintiff's argument, and in the interest of brevity refrain from doing so. (*Edwards* v. *Container Kraft Carton etc. Co.,* 161 Cal.App.2d 752, 756 [327 P.2d 622]; *Pores* v. *Purity Milk Co.,* 135 Cal.App.2d 305, 309 [287 P.2d 169]; cf. *Pacific Gas & Elec. Co.* v. *Hufford, supra,* 49 Cal.2d 545, 563.)

In view of our decision as to the propriety of the opinion testimony in question, it is not necessary to consider further contentions respecting the adequacy of other evidence to sup-

port the judgment, or the inadequacy of the plaintiff's unlimited motion to strike all of the witness' severance damage testimony for the purpose of removing any uncertainty which might be attributed to some of his answers.

### APPEAL BY DEFENDANT

The defendant appeals from that part of the judgment granting the plaintiff immediate possession, and prescribing certain conditions, without providing for compliance with the requirements of section 1254 of the Code of Civil Procedure, which the defendant claims was error.

 After commencement of trial on the issues of public use, convenience, and necessity, the parties agreed that the plaintiff would relocate its easement along and adjoining the highway; that a specific description thereof would be determined and fixed after survey; and that the "valuation issue" was the only issue remaining for trial. The parties entered into a stipulation to this effect in open court which, among other things, included a provision respecting the plaintiff's right to immediate possession. As to the latter matter, the attorney for plaintiff proposed: (1) "Now, the next point in this stipulation is that the Gas Company is to have immediate possession as of now of this new right-of-way for the purpose of surveying, getting ready for bidding, construction and everything else."; and (2) "Again, immediate possession is for survey and preliminary work. We don't begin actual construction work until we have a legal description chrystalized [sic]." The attorney for the plaintiff also related many other provisions of the proposed stipulation. The attorney for the defendant stated: "I join in the stipulation." No mention was made of a deposit in court, or that the right to possession was being given through the authority conferred by section 1254 of the Code of Civil Procedure. Prior to judgment the plaintiff entered the defendant's property, conducted a survey to establish the boundaries of the subject easement, and caused the preparation of a map delineating those boundaries thereon. With the apparent approval of the defendant, this map was used to identify and describe the easement in question and, for this purpose, was attached to the findings of fact as an exhibit. By the interlocutory judgment, as heretofore noted, the court interpreted the foregoing stipulation and ordered that the plaintiff have possession of the easement upon entry of judgment

for the purpose of construction, maintenance, and operation of its pipeline, providing it deposited with the clerk of the court the sum of $4,250, i.e., the amount of damages awarded the defendant, from which the sum of $2,125 might be paid to the latter forthwith, and the balance when the amount of damages was determined by a final judgment.

The defendant contends that the stipulation in question authorized entry into possession only for the purpose of conducting a survey; that an order conferring possession for the purpose of construction, maintenance, and operation of the pipeline could have been made only pursuant to section 1254 of the Code of Civil Procedure, which then empowered the court, after trial and judgment, to authorize a plaintiff to enter into possession and use the property condemned upon payment into court of the amount of the judgment and other designated sums, subject to immediate withdrawal by the defendant; and that the judgment in question did not prescribe the conditions imposed by that section. The defendant also contends that the judgment is in error because it fails to allow interest on the award from the date of possession, citing *People* ex rel. *Department of Public Works* v. *Loop,* 161 Cal.App.2d 466, 471 [326 P.2d 902].

Obviously the trial court interpreted the stipulation in question as conferring upon the plaintiff the right to enter into possession of the defendant's property for the purpose of making a survey in order to obtain a description of the easement in question, and also the right to enter into possession of that part of the defendant's property occupied by said easement, after ascertaining a definite description of the boundaries thereof, for the purpose of constructing, maintaining, and operating its pipeline. Although the language used by the attorney for the plaintiff in expressing the intent of the parties in the premises was ambiguous, it bears the construction adopted by the court. The parties had settled their differences respecting the location of the easement and the right of the plaintiff to acquire the same by condemnation. The only remaining unsettled issue concerned the amount of compensation which the plaintiff should pay the defendant therefor. Under these circumstances, little purpose would be served in withholding the use of the easement from the plaintiff. It was reasonable, therefore, to interpret the stipulated provisions respecting possession as allowing such for all purposes, after a description of the easement had been ascer-

tained, even though the issue of damages had not been determined. ■■■ When the subject matter of a stipulation is incorporated in a judgment it is the duty of the court to carry out the intent of the parties as expressed therein and, if the language used by them is ambiguous, to ascertain that intent in accord with established principles. (*Harris* v. *Spinali Auto Sales, Inc.*, 202 Cal.App.2d 215, 219 [20 Cal.Rptr. 586]; *City of Burbank* v. *Nordahl*, 199 Cal.App.2d 311, 326 [18 Cal.Rptr. 710]; *Estate of Howe*, 88 Cal.App.2d 454, 459 [199 P.2d 59]; *Orr* v. *Forde*, 101 Cal.App. 694, 699 [282 P. 429].) The interpretation placed upon the subject stipulation was proper.

However, the judgment contains no express provision respecting payment of compensation for use of the defendant's property subsequent to taking possession thereof and prior to payment of the compensation awarded therefor. The stipulation reserved the issue of damages for further determination. Under these circumstances, it would be unreasonable to believe that in making no provision for compensation respecting the use of defendant's property during the period between the taking of possession under the judgment and the date of payment of the award, the parties thereby intended that no payment therefor should be made. ■■■ On the other hand, the plaintiff's entry into possession of the defendant's property for the purpose of making a survey in order to obtain the description of the easement eventually used in the findings and judgment was not a use of that property for which compensation should be made; was for the mutual benefit of the parties; in reality did not constitute a taking of property; and it is unreasonable to believe that, in giving permission to do so, the defendant contemplated it would be compensated therefor. Therefore, the defendant's right to additional compensation for use of its property is limited to compensation for the use authorized by the interlocutory judgment, pursuant to stipulation, pending final determination of the issue of damages, i.e., the right to construct, maintain, and operate its pipeline upon that part thereof impressed with the subject easement. Consequently, the judgment appealed from properly omitted any requirement that the plaintiff pay the defendant compensation for use of the latter's property prior to entry of judgment, *viz.*, the period during which the survey was being conducted. Under the rule applicable to the instant case, i.e., that in effect in

1960,[1] an interlocutory judgment in an eminent domain proceeding fixing the amount of compensation payable to a condemnee had the characteristics of a money judgment in an ordinary civil action, and bore interest from date of entry. (*Bellflower City School Dist.* v. *Skaggs*, 52 Cal.2d 278, 280 [339 P.2d 848]; *City of Burbank* v. *Nordahl, supra,* 199 Cal.App.2d 311, 318-319; *Capistrano Union High School Dist.* v. *Capistrano Beach Acreage Co.,* 188 Cal.App.2d 612, 614 [10 Cal.Rptr. 750].) In the event the condemner thereafter took possession of the property condemned, under circumstances such as those in the instant case, the addition of interest to an award thus made, in substance, constituted an inclusion of compensation for use of that property subsequent to entry of judgment and prior to payment thereof. ▆ Compensation for use of a defendant's property by a plaintiff during an eminent domain proceeding may be based upon the legal rate of interest on the value of the property taken thereby as determined by the judgment therein. (*Metropolitan Water Dist.* v. *Adams,* 16 Cal.2d 676, 679-683 [107 P.2d 618]; *City of Burbank* v. *Nordahl, supra,* 199 Cal.App.2d 311, 320.) Therefore, the judgment in the instant case, by virtue of the law in the premises, adequately provides compensation to the defendant for the use of its property pending this appeal.

▆ It should be noted that our decision in this matter is based upon the conclusion that the order of the court authorizing the plaintiff to enter into possession of the subject easement was made pursuant to the authority conferred upon it by the stipulation of the parties and not by the provisions of section 1254 of the Code of Civil Procedure. Under these circumstances, the conditions precedent prescribed by that section were not applicable to the situation at hand. The decision in *People* v. *Neider,* 55 Cal.2d 832, [13 Cal.Rptr. 196, 361 P.2d 916], cited by the defendant, did not consider the effect of a stipulation authorizing possession by a condemner and, thus, is not applicable to the case at bar.

The record before us indicates that the plaintiff deposited the amount required by the judgment as a condition precedent to taking possession pursuant to the stipulation of the parties, and thereupon took possession of the subject ease-

[1]Statutory provisions specifically governing the payment of interest on judgments in eminent domain proceedings were added by the adoption of § 1255b, Code Civ. Proc. (Stats. 1961, ch. 1613, p. 3450.)

ment, but does not indicate whether the defendant received the amount so deposited, or any part thereof. Under these circumstances, we make no determination respecting the effect of that deposit upon the amount of interest payable under the judgment appealed from.

### MOTION FOR DISMISSAL

The plaintiff moved to dismiss the appeal of the defendant upon the ground that the issues therein are moot; contends that the stipulation heretofore considered authorized those provisions of the judgment which permitted it to enter into possession of the subject easement for the purpose of construction, maintenance, and operation; also contends that the stipulation in question removed all issues from the case except that respecting damages; shows that, pursuant to the authority conferred by the judgment, it entered into possession, constructed its pipeline, and placed the same in operation; and urges that, as the only issue which is now subject to litigation is the issue of damages, the contentions raised by the defendant on appeal are moot. There is no merit to this motion. Among other things, as heretofore noted, the defendant contends that the order authorizing the plaintiff to enter into possession made no provision for compensation for use of the defendant's property pending appeal and, therefore, was in error. This was a contention with respect to the issue of damages. Although we have decided the question thus raised adversely to the defendant, it was not moot.

The defendant moved to dismiss the plaintiff's appeal upon the ground that the latter had accepted the benefits of the judgment and thereby waived its right to appeal therefrom. In support of its position, the defendant contends that the stipulation in question did not authorize the plaintiff to enter into possession and that the provisions of the judgment permitting such were in error in that they did not comply with the requirements of section 1254 of the Code of Civil Procedure; that, therefore, in taking possession of the easement the plaintiff did so by virtue of the judgment authorizing it to do so upon paying the award therein prescribed; and that, having accepted the benefits of the judgment, may not contest the amount of the award therefor. These contentions are without merit. We have concluded, as heretofore noted, that those provisions of the judgment authorizing the plaintiff to enter into possession of the condemned property were founded upon the subject stipulation, and that section 1254 of the Code of Civil

Procedure was not involved. The decision in *Mt. Shasta Power Corp.* v. *Dennis,* 66 Cal.App.186 [225 P. 877], cited by the defendant in support of its position, did not concern a stipulation such as that in the case at bar and, therefore, is not controlling. ██ In taking possession under the judgment at hand, pursuant to stipulation, plaintiff did not waive its right to attack any errors that occurred in the trial of the issue of damages.

The motions to dismiss are denied and the judgment is affirmed. The defendant will recover its costs on appeal.

Griffin, P. J., concurred.